IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS HERB,                              3:12-CV-01070-BR

      Plaintiff,

                                       OPINION AND ORDER

v.

VAN DYKE SEED CO., INC., a
Domestic Business Corporation
licensed to do business in
the State of Oregon,

      Defendant.

ROBERT L. SEPP
ROGER A. HENNAGIN
8 North State Street
Suite 300
Lake Oswego, OR 97034
(503) 636-0400

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**MITCHELL C. BAKER**
**ERIN O. SWEENEY**
Fisher & Phillips, LLP
111 S.W. Fifth Avenue
Suite 1250
Portland, OR 97204
(503) 242-4262

      Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Defendant Van Dyke Seed Company, Inc.'s Motion (#4) to Dismiss Plaintiff's Second Claim. For the reasons that follow, the Court **GRANTS in part** Defendant's Motion to the extent that the Court concludes Plaintiff may not recover penalties for both his Second and Third Claims and **DENIES in part** Defendant's Motion to the extent dismissal of Plaintiff's Second Claim is premature at this point.

## BACKGROUND

     The following facts are taken from Plaintiff's Complaint:

     Plaintiff Douglas Herb worked for Defendant as a nonexempt, salaried employee. Plaintiff earned $3,486.16 per month during the relevant period. On October 28, 2011, Defendant terminated Plaintiff's employment.

     On May 8, 2012, Plaintiff filed a complaint in Washington County Circuit Court in which he alleged Defendant failed (1) to pay Plaintiff overtime in violation of the Fair Labor Standards

2 - OPINION AND ORDER

Act (FLSA), 29 U.S.C. § 207; (2) to pay Plaintiff wages upon termination in violation of Oregon's wage-and-hour laws; and (3) to pay Plaintiff overtime in violation of Oregon's wage-and-hour laws.  Plaintiff served Defendant with his complaint on May 22, 2012.

On June 15, 2012, Defendant removed the matter to this Court on the basis of federal-question jurisdiction.

On June 22, 2012, Defendant filed a Motion to Dismiss in which Defendant seeks an order dismissing Plaintiff's Second Claim on the ground that Plaintiff fails to state a claim.

## **STANDARDS**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.
> . . .  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the

3 - OPINION AND ORDER

plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

### DISCUSSION

Defendant moves to dismiss Plaintiff's Second Claim in which he seeks to recover a penalty under Oregon Revised Statute § 652.150 for Defendant's alleged failure to pay overtime wages upon termination of Plaintiff's employment in violation of § 652.140.  According to Defendant, Plaintiff seeks to recover in his Second Claim a penalty that is duplicative of the penalty Plaintiff seeks to recover in his Third Claim in which Plaintiff alleges Defendant failed to pay him overtime wages during the course of his employment in violation of Oregon Revised Statute § 653.261.  Thus, Defendant contends Plaintiff is seeking to recover twice for the same alleged bad act (*i.e.*, the failure to pay overtime or minimum wages), which is not permitted under Oregon law.

Plaintiff concedes he does not allege Defendant improperly withheld or failed to give Plaintiff his final paycheck within the time required under Oregon law.  Plaintiff, however, contends he may recover penalties under Oregon law for both Defendant's failure to pay him overtime during his employment and Defendant's failure to pay him all of the overtime wages he was due upon termination.

4 - OPINION AND ORDER

**I.   Oregon's wage-and-hour laws.**

Oregon law provides when "there are two separate statutory schemes and two separate remedies, each with its own purpose, an employer who violated both laws is liable for the penalties provided in each." *Hurger v. Hyatt Lake Resort, Inc*., 170 Or. App. 320, 323 (2001).  An employer's failure to pay wages owed upon termination violates Oregon Revised Statute § 652.140.  If an employer willfully fails to pay wages to an employee upon termination as required under § 652.140, then the employer is liable for the penalty provided for in Oregon Revised Statute § 652.150.  An employer's failure to pay overtime wages violates § 653.261 for which § 653.055(1)(b) mandates payment of a penalty to the employee as provided in § 652.150.

**II.  Plaintiff may not recover penalties under both his Second and Third Claims.**

In *Hurger v. Hyatt Lake Resort, Incorporated*, the plaintiffs were minimum-wage workers who received their final post-termination wages after the time required by Oregon Revised Statute § 652.140.  170 Or. App. 320, 322 (2000).  The plaintiffs sought one penalty under § 652.150 for late payment of wages upon termination in violation of § 652.140 and a second penalty under § 652.150 for failure to pay minimum wages in violation of § 653.261.  The plaintiffs contended the late payment of wages upon termination meant the plaintiffs were paid less than the minimum wage (*i.e.*, nothing).  *Id*.  The Oregon Court of Appeals

5 - OPINION AND ORDER

held the late payment of the final wages did not violate minimum-wage laws and the late payment was not separately sanctionable as a failure to pay minimum wage because the argument was a "tail-wagging-the-dog exercise" that was unsupported by the statute. *Id.* at 324-25.

In *Cornier v. Paul Tulacz, DVM PC*, the plaintiff alleged the defendant did not pay her for overtime during her employment in violation of Oregon Revised Statute § 653.261 and the defendant failed to pay her accumulated vacation pay after she quit in violation of § 652.140.  176 Or. App. 245, 247 (2001).  The plaintiff sought two statutory penalties under § 652.150, one for each violation.  *Id*.  The plaintiff did not, however, assert the defendant's failure to pay her overtime after her termination created the right to a third penalty under § 652.150.  The Oregon Court of Appeals found the defendant's failures to pay the plaintiff constituted violations of two distinct parts of the wage statutes that arose out of different factual contexts and accrued at different times.  *Id*. at 248.  The court specifically noted:

> Defendant argues that, under plaintiff's interpretation of the statutory scheme, a clever employee could choose not to assert a violation of overtime or minimum wage requirements until termination and then assert it twice, once as a violation of the overtime statute and once as a violation of the statute requiring prompt payment of all wages due and owing at termination, *thereby collecting two penalties for the exact same employer misconduct*.

6 - OPINION AND ORDER

Id. at 249-50 (emphasis added). The court further explained:

> [T]his case does not present an instance of double penalties for the same conduct, and we do not address that issue, because here the violation that occurred during employment was underpayment for overtime, while the violation at termination was nonpayment for accrued vacation. Plaintiff has asserted separate violations for separate acts of her employer. . . . *[I]f this case did present two claims for two penalties based on the same employer misconduct, one of those claims would probably fail under Hurger v. Hyatt Lake Resort, Inc.*

*Id*. at 250 (emphasis added). The court, therefore, concluded the plaintiff was entitled to two separate penalties. *Id*. at 249.

Plaintiff points to a number of cases from this district in which the court concluded a plaintiff could seek multiple penalties based on the same employer misconduct. *See, e.g.*, *Davis v. Maxima Integrated Prods.*, 57 F. Supp. 2d 1056 (D. Or. 1999); *Hargrove v. Sykes Enter., Inc.*, No. CV 99-110-HA, 2000 WL 1132049 (D. Or. May 23, 2000); *Pascoe v. Mentor Graphics*, 199 F. Supp. 2d 1034 (D. Or. 2001). *Davis* and *Hargrove*, however, were decided before the Oregon Court of Appeals issued its opinions in *Hurger* and *Cornier*. In addition, in both cases the plaintiffs alleged their final paychecks were late. Similarly, even though *Pascoe* was decided after *Huger* and *Cornier*, it was briefed and argued before *Cornier* and, therefore, does not address *Cornier*. Moreover, in *Pascoe* the plaintiff alleged he was not paid his final paycheck until over two months after his termination.

Cases from this district that address the issue after *Hurger*

7 - OPINION AND ORDER

and *Cornier* uniformly conclude unpaid minimum or overtime wages do not automatically trigger a second penalty under § 652.150 for late payment of wages after termination in violation of Oregon Revised Statute § 652.140. For example, in *Cooper v. Thomason*, Case No. 06-CV-1019-KI, 2006 WL 2993376 (D. Or. Oct. 10, 2006), the plaintiff asserted if she prevailed in proving that minimum and overtime wages remained due as of the date of her termination, she was entitled to multiple penalties for the defendant's failure to pay those minimum and overtime wages upon termination and also for the defendant's failure to pay minimum and overtime wages during employment. *Id*., at *3. Relying on *Hurger* and *Cornier*, the court concluded the plaintiff's "claim for late payment of termination pay rides on the same alleged misconduct as her claims for unpaid overtime and minimum wages[, therefore, the plaintiff] would not be entitled to a separate penalty for late termination pay." *Id*., at *4. Similarly, the plaintiff in *Mathis v. Housing Authority of Umatilla County* sought a penalty under § 653.055 for failure to pay overtime wages during the course of her employment and a penalty under § 652.150 for the defendant's failure to pay her overtime wages upon termination. 242 F. Supp. 2d 777, 787 (D. Or. 2002). The court concluded Plaintiff could not recover penalties under § 652.150 and § 653.055 for the same conduct reasoning that the defendant "committed only one wrongful act,

8 - OPINION AND ORDER

namely not paying [the plaintiff] overtime wages.  A violation of the overtime statute does not automatically create a second violation of the statute requiring prompt payment of all wages due and owing at termination when an employee quits or is terminated."  *Id*. at 788.  *See also Chaloupka v. SLT/TAG, Inc.*, No. Civ. 02-743-KI, Civ. 02-1053-KI, Civ. 02-65-KI, 2003 WL 23531404, at *3 (D. Or. Sept. 30, 2003)(the plaintiffs were not entitled to separate penalties under Oregon law for unpaid overtime and unpaid wages at the time of termination because "there was no separate component of [the plaintiff's] wages withheld, as in *Cornier*."), *rev'd sub nom on other grounds*, 407 F.3d 1038 (9th Cir. 2005); *Thiebes v. Wal-Mart Stores, Inc.*, Civ. No. 98-802-KI, 2004 WL 1688544, at *9-10 (D. Or. July 26, 2004) ("According to plaintiffs' theory of the case, Wal-Mart did one thing wrong - it suffered or permitted its employees to work off-the-clock without compensation while they were employed. Whether that off-the-clock work occurred during a week in which a plaintiff worked only 20 hours for which she was paid, or whether it occurred during a week in which she worked 40 hours for which she was paid, the bad conduct on Wal-Mart's part was the same. [The court] conclude[s] that plaintiffs are entitled to only one penalty.").

        Although the cases from this district are not binding on this Court, the Court finds their analysis of *Hurger* and

9 - OPINION AND ORDER

*Cornier* helpful.  After reviewing these cases, the Court adopts the reasoning of *Mathis, Chaloupka, Thiebes,* and *Cooper* and finds a plaintiff may not seek a penalty for an employer's failure to pay overtime wages during employment in addition to a penalty for an employer's alleged failure to pay those same wages upon termination.  Accordingly, the Court concludes to the extent that Plaintiff seeks penalties in his Second Claim for Defendant's alleged failure to pay Plaintiff overtime wages upon termination, that claim is duplicative of Plaintiff's Third Claim for Defendant's alleged failure to pay Plaintiff overtime wages during employment, and, therefore, Plaintiff is barred from seeking such duplicative penalties by *Hurger* and *Cornier*.  The Court, therefore, grants Defendant's Motion to Dismiss to the extent that the Court concludes Plaintiff seeks duplicative penalties.

### III. Pleading in the alternative.

Although the Court concludes Plaintiff may not recover the duplicative penalties sought in his Second and Third Claims, the Court notes Federal Rule of Civil Procedure 8(d)(2) provides: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Accordingly, Plaintiff is permitted to plead claims

in the alternative.  The Court, therefore, construes Plaintiff's Second and Third Claims to be pled in the alternative.  Thus, the Court denies Defendant's Motion as premature to the extent that Defendant seeks dismissal of Plaintiff's Second Claim.

## CONCLUSION

For these reasons, the Court **GRANTS in part** Defendant's Motion (#4) to Dismiss Plaintiff's Second Claim to the extent that the Court concludes Plaintiff may not recover penalties for both his Second and Third Claims and **DENIES in part** Defendant's Motion to the extent dismissal of Plaintiff's Second Claim is premature at this point.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge